UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08-CV-674-H

JEFFREY DENEEN                                                                              PLAINTIFF

V.

TARGET CORPORATION                                                DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff brings this breach of contract action alleging that Defendant, Target Corporation, refused to purchase his home as required by a purchase agreement signed by both parties. On September 14, 2009, Defendant filed a motion for summary judgment, arguing that Plaintiff failed to comply with the clear conditions of the purchase agreement and, therefore, has no breach of contract claim. As over two months have elapsed since that motion was filed, it is now ripe for review.

Under Local Rule 7.1(c), a party opposing a motion has fifteen days to file a response. Plaintiff has filed no affirmative response to Defendant's Motion for Summary Judgment and has not requested an extension of time.[1] Rather, the law firm representing Plaintiff, Travis & Herbert PLLC, filed a motion to withdraw as counsel on September 25, 2009. It appears that the attorney representing Plaintiff, Mr. Randy Perkins, left the practice of law in April of 2009. On April 17, 2009, Travis & Herbert sent Plaintiff a letter explaining Mr. Perkins' decision and informing Plaintiff that the firm would not be representing him in the future. The letter also explained that the firm would be filing a motion to withdraw as counsel in all pending cases. Plaintiff has been

---

[1] This is not the first time Plaintiff has failed to respond in a timely fashion. Originally, this lawsuit involved two additional claims. Defendant moved to dismiss those claims early in the litigation. Despite multiple extensions of time by the Court, Plaintiff never responded to that motion and the additional claims were dismissed.

on notice for over seven months that Travis & Herbert would not represent him in this action and he needed to find new counsel. There is no indication Plaintiff has taken any action in response.

## I.

Plaintiff was employed by Defendant at one of its Louisville, Kentucky stores in April of 2006. At that time, Defendant offered Plaintiff a management position in Defendant's Elmira, New York store. Plaintiff accepted and Defendant offered certain relocation services, including an agreement to purchase Plaintiff's home assuming certain conditions were satisfied. One such condition was that Plaintiff repair any deficiencies found during inspections of the home. After Plaintiff moved to New York, inspections revealed numerous significant problems. Despite repeated requests and re-inspections, Plaintiff never completely fixed the problems. Eventually the purchase agreements expired due to Plaintiff's failure to remedy the concerns found at inspections and this lawsuit ensued.

## II.

The law in Kentucky is clear. Where performance of a contract is expressly conditioned on the occurrence of some other act or event, the contract is not binding if that condition is not met. *See, e.g., Green River Steel Corp. v. Globe Erection Co.*, 294 S.W.2d 507, 509 (Ky. 1956). Further, "[i]f the contract is so clear and free from ambiguity as to be self-interpretive no construction is necessary but it should stand as it is written and should be enforced according to its express terms . . ." *Veech v. Deposit Bank of Shelbyville*, 128 S.W.2d 907, 911 (Ky. 1939). In this case, the contract is clear: "This Agreement may be terminated by Buyer without recourse from Seller if: (d) Any of the warranties made by Seller hereunder are untrue or Seller fails to perform any obligation or is in breach of any provision set forth in this Agreement." In addition

to requiring Plaintiff to warrant that the premises are free of numerous, specifically detailed defects, the contract specifically requires "[a]ll defects noted on inspections need to be corrected to buyer's satisfaction before closing." This was clearly one of Plaintiff's obligations under the purchase agreement and, therefore, if not met, Defendant was permitted to terminate the agreement without recourse from Plaintiff. Moreover, the purchase agreement listed specific dates by which the transaction must occur or the agreement would lapse.

Defendant has offered substantial evidence that Plaintiff failed to properly repair the defects found during inspections. Multiple inspection reports of independent inspectors found mold problems, structural problems relating to floor joists and multiple problems related to the pool on property. Defendant afforded Plaintiff ample time to fix these problems under the contract, but Plaintiff either failed to attempt to repair the problems or the repair attempts were unsuccessful. In fact, Defendant allowed Plaintiff multiple extensions of the required deadlines for repairs, but repairs were never successfully completed. Defendant did everything required of it under the purchase agreement and was free to refuse to purchase Plaintiff's home based on the express contractual conditions of the agreement. Plaintiff has offered no evidence to counter these undisputed facts. Thus, the Court finds summary judgment is appropriate.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment is SUSTAINED and all claims against Defendant are DISMISSED WITH PREJUDICE.

This is a final and appealable order.

cc: Counsel of Record